IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALESKA DRIGGS and RAUL DRIGGS**, | Case No. 5:19-cv-03476-JDW |
| *Plaintiffs,* | |
| v. | |
| **SCHINDLER ELEVATOR CORP.**, | |
| *Defendant/Third-Party Plaintiff,* | |
| v. | |
| **SERVICE ACCESS AND MANAGEMENT, INC.**, | |
| *Third-Party Defendant.* | |

**MEMORANDUM**

Schindler Elevator Corp. and Service Access and Management, Inc. ("SAM") entered into a "Schindler Secure Plus" agreement (the "Agreement") that includes a broad indemnity provision. But while the indemnity provision is broad, it is not broad enough to waive the even broader immunity that Pennsylvania's Workers Compensation Act provides to employers to protect them against legal actions based on workplace injuries. Because the claims against Schindler in this case arise from a workplace injury that a SAM employee suffered, the Workers Compensation Act bars Schinder's claims against SAM.

**I.        FACTUAL BACKGROUND**

On September 26, 2017, Waleska Driggs tripped and fell while exiting an elevator on SAM's property. At the time, she was a SAM employee. SAM and Schindler were parties to the Agreement. Paragraph 10 of the Terms and Conditions of the Agreement provides:

> You [SAM] agree that you will defend, indemnify and hold us [Schindler] harmless from and against any such claims, and from any and all claims arising out of or in connection with this Agreement, and/or the Equipment, unless caused directly and solely by our established fault.

(ECF No. 26-4, Ex. C, p. 6 ¶ 10)

After her fall, Ms. Driggs sued Schindler in the Berks County Court of Common Pleas. Schindler removed the case to this Court and then filed a third-party complaint against SAM for contribution or indemnity. SAM has moved for summary judgment on Schindler's claims against it.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (citation omitted).

**III.   ANALYSIS**

The Pennsylvania Workers Compensation Act bars legal claims against an employer for workplace injuries, including claims for contribution or indemnity, "unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 Pa. C.S.A. § 481(b). Because SAM employed Ms. Driggs and she suffered her injuries in the course of her employment, the provision bars Schindler's claims against SAM unless SAM has waived its immunity.

General indemnity language in a contract does not waive the exclusive remedy provision of the Workers Compensation Act. *See Bester v. Essex Rental Corp.*, 619 A.2d 304, 307 (Pa. Super. Ct. 1993) (citing *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.*, 171 A.2d 185 (Pa. 1961)). Instead, the "intent to indemnify against claims by employees of the alleged indemnitor . . . must clearly appear from the terms of the agreement." *Id.* "[I]ndemnification contracts in this context are not favored in the law and every intendment must be construed against the party seeking protection from liability or indemnification from the employer." *Snare v. Ebensburg Power Co.*, 637 A.2d 296, 298 (Pa. Super. Ct. 1993). Thus, language that does not "constitute an express provision for the employer to assume an indemnity obligation for injury to its own employees" will not effect a waiver. *Bester*, 619 A.2d at 308. Pennsylvania courts have even held that agreements in which an indemnitor provides indemnity for its own conduct are not sufficient if they do not "expressly say that [the] employer agreed to forego its statutory protection and to assume unlimited liability for damages arising from harm suffered by its own employees." *Id.* (citing *Remas v. Duquesne Light Co.*, 537 A.2d 881, 883 (Pa. Supert. Ct. 1988)).

The indemnification provision in the Agreement does not waive SAM's immunity under the Workers Compensation Act. It does not say that it effects a waiver of immunity, reference the Workers Compensation Act, or mention claims that SAM's employees might file. It only contains the general language of "any and all claims." (ECF No. 26-4, Ex. C, p. 6 ¶ 10.) It does not evince SAM's intent to waive its immunity under the Workers Compensation Act. To the extent there is any question about its scope, the Court will construe it narrowly.

To the extent Schindler seeks contribution, as opposed to indemnification, its claim fares even worse. The Schindler Service Agreement does not mention contribution at all. Schindler has no argument that SAM waived its immunity from a contribution claim.

## IV.  CONCLUSION

Schindler's pre-printed contract does not include an express waiver of the Workers Compensation Act's exclusive remedy provision. The Act bars Schindler's claims as a matter of law. The Court will therefore grant SAM's motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 1, 2020